UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON, | Case No. 2:11-CV-00771-JAM-DAD |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO SERVE CORPORATE DEFENDANT THROUGH SECRETARY OF STATE |
| v. | |
| SALAMAT PROPERTIES, LLC, | |
| Defendants. | |

On August 17, 2011, this Court issued an Order to Show Cause, requiring Plaintiff Scott N. Johnson ("Plaintiff") to show good cause for his failure to timely serve Defendant Salamat Properties, LLC ("Salamat") in order to avoid dismissal of his claims against Salamat (Doc. #8). In response, Plaintiff filed a Request for Service on Corporate Defendant Through Secretary of State (Doc. #9) and a Response to this Court's Order to Show Cause (Docs. #10). For the reasons set forth below, Plaintiff's Request is DENIED and Plaintiff's claims against Defendant are dismissed because

Plaintiff has not shown good cause for his failure to effect service on Defendant.

## I.   OPINION

### A.   Legal Standard

Pursuant to Federal Rules of Civil Procedure 4(m), the Court must dismiss an action if a defendant has not been served within 120 days of a plaintiff's filing of his or her complaint, unless the plaintiff can demonstrate good cause for his or her failure to serve the defendant.  FED. R. CIV. P. 4(m).

The Court must determine whether good cause "has been shown on a case by case basis."  In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citing Cartage Pac., Inc. v. Waldner (In re Waldner), 183 B.R. 879, 882 (9th Cir. BAP 1995)).  Good cause "applies only in limited circumstances. . . ."  Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992) (discussing former subdivision 4(j)) (overruled on other grounds).  "At a minimum, 'good cause' means excusable neglect."  Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991).  A plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  Id.

The Court also has broad "discretion under Rule 4(m), absent a showing of good cause, to extend the time of service or to dismiss the action without prejudice."  In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001) (citing Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995)).

B.   <u>Plaintiff's Request</u>

Plaintiff requests this Court to allow him to serve Defendant through the Secretary of State.  Plaintiff's request is not a properly noticed motion.  <u>See</u> L.R. 230 (b) ("Except as otherwise provided in these Rules or as ordered or allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge. . . .").  Plaintiff's Request was not noticed on the Court's motion calendar.  There is no date or time set forth for a hearing.

Plaintiff has also not provided any binding authority, or any federal law, upon which this Court can properly grant Plaintiff's Request.  For this reason alone, Plaintiff's application is improper and is, therefore, denied.

C.   <u>Plaintiff's Response to the Order to Show Cause</u>

Plaintiff submits a page and a half declaration in which he states that the Court should not dismiss this action for lack of prosecution due to the ineffective service attempt on Defendant. Plaintiff's Response also declares that he filed a Request and a Proposed Order requesting leaving to complete service of process through the Secretary of State.  Plaintiff's Response is devoid of argument or authority.

Further, Plaintiff's Response does not substantiate the unsupported statement in his Request that Defendant's office was vacant.  Nor does he declare how many times he attempted to serve Defendant.

This Court cannot find that Plaintiff's unsubstantiated attempt to serve Defendant satisfies the good cause requirement to maintain Plaintiff's case.  Additionally, pursuant to <u>Boudette</u>, Plaintiff does not allege that (a) Defendant received actual notice

of the lawsuit; (b) Defendant would suffer no prejudice; and (c) Plaintiff would be severely prejudiced if his complaint were dismissed.  See Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991) (other citations omitted).

Accordingly, because Plaintiff has not shown good cause for his failure to serve Defendant within the 120 day period under Rule 4, his claims against Defendant are dismissed.

## II.  ORDER

For the reasons set forth above, Plaintiff's Request to Serve Corporate Defendant Through Secretary of State is DENIED, and Plaintiff's claims against Defendant are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: August 29, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE